UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SARA ALJUBORY,

    *Plaintiff*,

v.

COMMISSIONER OF SOCIAL SECURITY,

    *Defendant*.

_____/

CASE NO. 19-13171

DISTRICT JUDGE VICTORIA A. ROBERTS
MAGISTRATE JUDGE PATRICIA T. MORRIS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

Plaintiff Sara Aljubory seeks judicial review of the Commissioner of Social Security's (Commissioner) final decision in her application for disability benefits. She has, however, failed to serve process on the Commissioner and has not responded to this Court's show cause order. (ECF No. 11.) Consequently, and for the reasons set forth below, the Court **RECOMMENDS** that Aljubory's complaint, (ECF No. 1), be **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

**II.    REPORT**

    **A.    Background and Procedural History[1]**

Aljubory applied for and was denied Social Security disability benefits. On October 28, 2019, she filed her complaint seeking review of the denial along with an Application

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to me.

to Proceed in District Court Without Prepaying Fees of Costs. (ECF Nos. 1 & 2.) Her application to proceed *in forma pauperis* (IFP), 28 U.S.C. § 1915, was granted on November 19, 2019. (ECF No. 6.) Because there was a deficiency on the docket, summonses weren't issued until February 19, 2020 to be served on the Commissioner. (ECF No. 10.) Service was Plaintiff's responsibility: Under Fed. R. Civ. P. 4(c)(1), plaintiffs generally must serve the summons; plaintiffs proceeding IFP are entitled to have court officers serve process, such as the summons. 28 U.S.C. § 1915(d). At a plaintiff's request, "the court may order that service [of process] be made by a United States marshal or deputy marshal or by a person specially appointed by the court," and must do so for IFP plaintiffs. Fed. R. Civ. P. 4(c)(3). Our local rules deem the counsel for any represented IFP plaintiff to be "specially appointed by the Court" to "arrange for service of the summons and complaint." E.D. Mich. R. 4.1(c).

Service of the summons must be accomplished "within 90 days after the complaint is filed" or later for good cause shown. Fed. R. Civ. P. 4(m).[2] But Aljubory has never

---

[2] Under Fed. R. Civ. P. 4(m), the 90-day time limit for serving process (including the summons issued by the court) runs from the filing of the complaint. "But district courts cannot issue summonses in *in forma pauperis* prisoner cases until after screening the complaint for frivolousness and other defects under 20 U.S.C. §§ 1915(e) and 1915(A)." *Jackson v. Herrington*, 393 F. App'x 348, 353 (6th Cir. 2010). The evident problem is that a court's screening process will cut into, or wholly exceed, the 90-day limit. Some courts, relying on local rules that have no apparent analogue in ours, have held that the 90-day clock runs from the grant of IFP status, under the theory that a complaint is not filed (for these purposes) until it is received *and* either a filing fee is paid or the IFP status is granted. *See, e.g.*, *Robinson v. America's Best Contacts & Eyeglasses*, 876 F.3d 596, 598 (7th Cir. 1989) (noting the local rules deemed a pleading filed when it was received *and* the fee was paid or IFP status granted, and holding that for purposes of the time limit, "summons need

served the summons. Three months after the Court issued the summons, it remained unserved, the Court issued a show cause order in the case directing Aljubory to explain why her case should not be dismissed for failure to prosecute under E.D. Mich. R. 41.2. A response was required June 9. (ECF No. 11.) None came.

### B. Dismissal is Appropriate Pursuant to Fed. R. Civ. P. 41(b)

Federal Rule of Civil Procedure 41(b) grants federal courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." Fed R. Civ. P. 41(b). Local Rule 41.2 mirrors the federal rule, providing that "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. R. 41.2.

Dismissal for failure to prosecute is "available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)).

---

not be issued and service had until after the denial of in forma pauperis status and the fixing of a new time for the payment of filing fees"); *Heenan v. Network Pub., Inc.*, 181 F.R.D. 540, 543-44 (N.D. Ga. 1998) (noting similar local rules and holding that "the entry date of the order permitting a plaintiff to proceed *in forma pauperis* is the date from which the period for service should be calculated"). The Sixth Circuit has suggested that the delay in issuing the summons, occasioned by IFP screening, provides "good cause" under Fed. R. Civ. P. 4(m) for serving the summons past the time limit. *See Jackson*, 393 F. App'x 353-54. The issue need not be investigated further here because Aljubory did not just serve the summons late; she has never served it.

3

"Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962)).

Courts have been reluctant to dismiss merely as a form of discipline against the erring attorney, who is at fault for the failure to prosecute. *Knoll*, 176 F.3d at 363. But the Supreme Court has observed that dismissal due to a "counsel's unexcused conduct" does not mean that a client is being unjustly penalized. *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962). Thus, for example, where "counsel neglected plaintiff's case, repeatedly ignored court orders without excuse," and attempted to force further delays, dismissal has been found appropriate. *Knoll*, 176 F.3d at 364.

I pause here to note that, although it appears the attorney for Plaintiff has brought at least two other cases in this Court which were also dismissed for a failure to prosecute (Docket Nos. 19-cv-11804 and 19-cv-13624), the Supreme Court has made clear that "if an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice." *Link v. Wabash R. Co.*, 370 U.S. 626, 634, n.10 (1962). "[K]eeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant." *Id.*

The Sixth Circuit has established four factors in determining whether a case should be dismissed for want of prosecution pursuant to Rule 41(b):

4

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015) (quotation omitted). "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363.

Applying these factors here, the first weighs in favor of dismissal. And, as explained above, Aljubory disregarded the deadline imposed by the show cause order. Almost four months have elapsed since the summons issued, and despite the Court's order Aljubory has failed to explain why service could not be made.

The second factor, prejudice to Defendant, does not support dismissal. It is not clear that Defendant even knows this case exists, and because such appeals are decided based on the administrative record, *see* 42 U.S.C. § 405(g), there is minimal danger of pertinent records being lost. As to the third factor, Aljubory was warned that her case could be dismissed, which supports dismissal. (ECF No. 11.)

The final factor is whether a lesser sanction would suffice. I conclude it would not. Softer penalties have been imposed when a plaintiff has failed to serve process, so that the attorney's sins are not visited upon the client. *See, e.g.*, *Harper v. Comm'r of Soc. Sec.*, No. 16-11428, 2017 WL 3116279, at *2-3 (E.D. Mich. 2016). However, even if these failings are largely attributable to counsel, it seems reasonable to expect that Aljubory has had the

5

opportunity to talk with her attorney, consider the state of her case, and encourage proactivity.

Further, caselaw supports dismissal. Many courts have dismissed cases for failure to prosecute when a plaintiff has failed to serve process. *See, e.g.*, *Devlin v. Comm'r of Soc. Sec.*, No. 08-13064, 2009 WL 3199017, at *1-2 (E.D. Mich. 2009) (dismissing case for failure to prosecute due to the plaintiff's failure to serve the Commissioner); *see also Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 351 (S.D. N.Y. 2005) ("It is unquestioned that an 'unreasonable' delay in serving process can constitute a failure to prosecute." (collecting cases)); 9 Wright & Miller, Fed. Prac. & Proc. Civ. § 2370 (3d ed., 2018 update) ("The plaintiff's failure to exercise diligence in serving a defendant with process after suit has been filed has been held to justify dismissal for want of prosecution."). Dismissals also have been upheld for roughly equivalent forms of inaction. *See, e.g.*, *Wilson*, 2018 WL 304330, at *1 (recommending dismissal where plaintiff failed to file a motion for summary judgment or show cause for the failure), *rep. & rec. adopted by* 2018 WL 3036406 (E.D. Mich. 2018); *Metzger v. Comm'r of Soc. Sec.*, No. 13-13842, 2014 WL 5782716, at *1-2 (E.D. Mich. 2014) (dismissing case where plaintiff failed to file a motion for summary judgment or show cause for the failure); *Ewing v. Comm'r of Soc. Sec.*, No. 14-10960, 2014 WL 5605413, at *1 (E.D. Mich. 2014) (recommending dismissal in the same circumstances), *rep. & rec. adopted by* 2014 WL 5605521 (E.D. Mich. 2014); *Frazier v. Comm'r of Soc. Sec.*, No. 10-15120, 2012 WL 760799, at *1 (E.D. Mich. 2012) (same), *rep. & rec. adopted by* 2012 WL 760805 (E.D. Mich. 2012).

In short, the caselaw supports dismissal where a plaintiff has failed to serve process or take other similar steps.

### D. Conclusion

For the reasons stated above, the Court **RECOMMENDS** that Aljubory's complaint (ECF No. 1) be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 10, 2020            /S PATRICIA T. MORRIS
                               Patricia T. Morris
                               United States Magistrate Judge

**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: June 12, 2020            By s/Kristen Castaneda
                               Case Manager

8